**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 15, 2025**

# In the Court of Appeals of Georgia

A25A0020. ALAIMO v. DAVIS.

DOYLE, Presiding Judge.

In this action for in-rem foreclosure brought by Lawrence Davis, Jr., as the Enterprise Revenue Chief of the City of Atlanta ("the City"), property owner Anthony Alaimo appeals from an order requiring him to pay $12,142.38 in attorney fees to the City under OCGA § 9-15-14 (a) and (b). Alaimo contends that the trial court erred by ruling that his defenses essentially were frivolous and not grounded in any justiciable issue of law. In light of Alaimo's undisputed standing to appear in this statutorily mandated action as an interested party named by the City, his partially successful evidentiary challenge to the City's prima facie case, and the lack of any

delay in or expansion of the proceedings by his appearance and presentation of defenses, we reverse.

The record shows that before Alaimo bought certain property on Schoen Steet in Atlanta, it fell into disrepair. On July 11, 2017, the City sent by certified mail a notice of inspection and public hearing to the owner, Alaimo's predecessor in interest, Crown Point Properties Management Company, LLC ("Crown Point"). The notice, which was returned to the City unclaimed, stated that the structures on the property were unfit for habitation, and a hearing was scheduled before the City's In Rem Review Board to determine whether to order demolition. The notice of hearing was also advertised in the Fulton County Daily Report.

On July 13, 2017, the City filed a Lis Pendens Notice against the property in the Fulton County property records. In August 2017, following the advertised public hearing, the City made a determination to demolish the structure on the property because the cost to bring the structure into compliance with the City's housing code was approximately 92 percent of the value of the structure. The City's review board issued a demolition order to Crown Point following the hearing. When the order went

unheeded for more than 30 days, the City proceeded with the demolition in accordance with the City housing code under OCGA § 36-61-11.[1]

On November 29, 2017, Crown Point transferred the property to Alaimo by a warranty deed recorded in January 2018. In July 2018, the City filed a claim of lien against the property for the demolition costs totaling $36,652. With the lien remaining unsatisfied, in June 2023, the City filed the present action for in rem foreclosure against the Schoen Street property, naming Alaimo; Crown Point; Sandtown Land Trust; Investa Services, LLC; and all others holding any interest in the property. The petition stated that the applicable in-rem demolition procedures had been followed, the City had duly incurred demolition costs, and a valid lien existed on the property for those costs.

The City served Alaimo with the foreclosure petition in late July 2023, and the next month he filed a timely answer. The answer candidly stated that he lacked sufficient information to admit or deny the allegations in the petition "except to state that he is the record title owner of the real property . . . and objects to the [City's]

---

[1] That Code section provides, in relevant part, that "[a]ny municipality or county may, by ordinance, require the repair, closing, or demolition of dwellings or other structures intended for human habitation which are, as defined in the ordinance, unfit for human habitation . . . ."

proposed right to foreclose based on the facts as asserted" in the petition. Alaimo further asserted that his due process rights were violated because he had not received notice of the order authorizing demolition, nor was he afforded the opportunity to participate in the demolition proceeding.[2]

In January 2024, the parties entered into a consolidated pretrial order containing the following stipulations: the City properly served notice of the Board's demolition order (but not the demolition hearing notice) to all interested parties, and Alaimo was not an interested party because he had not yet purchased the property; none of the interested parties complied with the demolition order; and none of the interested parties redeemed the amount owed under the lien. The pretrial order stipulated the authenticity of certain documents "evidencing the Demolition Lien, including the Claim of Lien, Lis Pendens Notice, [as well as] related documentation." This list did not explicitly refer to the notice of hearing unsuccessfully sent to Alaimo's predecessor in interest (Crown Pointe), which notice Alaimo later contested at the hearing in this action.

---

[2] Other interested parties were served with the foreclosure petition, but they either did not respond or did not contest the foreclosure.

In April 2024, after unsuccessful mediation, Alaimo and the City appeared for a single-day bench trial on the foreclosure petition. At the trial, Alaimo successfully objected to the admissibility of two documents based on the lack of any authenticating witness proffered by the City: a certain claim of lien and a related supporting document.[3] He further challenged the notice of hearing sent to Crown Pointe and returned as undelivered , but he did not object to most of the City's documentary evidence and conceded that he did not have an ownership interest at the relevant time frame of the demolition proceedings.

After the bench trial, the trial court entered an order finding that the City held a valid demolition lien with a principle balance of $36,652 and $25,289.88 in interest accruing at a rate of 12 percent. The court further found that Alaimo lacked standing to challenge his lack of notice of the demolition proceedings because he was not an interested party at the time of those proceedings. Accordingly, the trial court authorized the foreclosure, and based on Alaimo's failure "to present any justiciable issue of law," and presentation of defenses that "were frivolous and lacked substantial

---

[3] The City argued that they were self-authenticating as documents filed in the county property records. It appears from the record that the claim of lien was the same one filed by the City as an exhibit to its foreclosure petition and stipulated to by the parties.

justification," the court awarded the City attorney fees and expenses incurred in preparation for the bench trial under OCGA § 9-15-14 (a) and (b). Relying on evidence proffered by the City, the trial court valued those fees at $12,142.38. Alaimo now appeals.

Alaimo argues that the trial court erred by awarding fees under OCGA § 9-15-14 (a) and (b) because he did not expand the proceedings, he presented justiciable issues that he reasonably believed could be accepted, and he partially was successful with respect to certain evidentiary challenges to the City's documents. We agree.

1. *OCGA § 9-15-14 (a).* Under this Code section, a trial court is authorized to award attorney fees if it finds that a party advanced a "position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted . . . position."[4] "This Court will affirm a lower court ruling made pursuant to OCGA § 9-15-14 (a) if there is 'any evidence' to support it. However, if the party defending against the

---

[4] OCGA § 9-15-14 (a).

motion advances a justiciable issue of law or fact and produces [supporting] evidence . . . [i]t is error for the trial court to award fees under OCGA § 9-15-14 (a)."[5]

In support of the award under subsection (a), the court found that Alaimo "failed to present any justiciable issue of law or fact that [Alaimo] or his counsel could reasonably believe this Court would accept." This was based on the fact that Alaimo did not own the property at the time of the in rem demolition proceedings, so the court concluded that he lacked standing to contest the notice given by the City in those proceedings to the proper party, i.e., his predecessor in interest.

As context to his argument, Alaimo correctly points out that the City is the party with the burden of proof in a statutorily mandated proceeding under OCGA § 48-4-79 and the City's municipal code. The City brought Alaimo into the action as mandated by the statute due to his interest as the current property owner. He participated in the action as a regular part of the statutory proceeding: "any interested party shall have the right to be heard and to contest the delinquency of the taxes *or the adequacy of the proceedings*."[6]

---

[5] (Citations omitted.) *Brewer v. Paulk*, 296 Ga. App. 26, 29 (1) (673 SE2d 545) (2009).

[6] (Emphasis supplied.) OCGA § 48-4-79 (a).

7

With respect to Alaimo's specific defenses, he conceded that he was not a party to the initial demolition proceeding, but he nevertheless presented a challenge to the City's prima facie case in the present action for foreclosure. One of the required elements is showing that "proper notice ha[d] been given to all interested parties."[7] Seeking to ensure the government meets its burden of proof is not frivolous. The City's case was not overwhelming because it did not present any witnesses, and Alaimo successfully challenged portions of the City's evidence. Further, the notice of hearing sent to the owner at the time of the demolition proceeding was returned to the City as undeliverable , and the trial court itself engaged the City in a colloquy as to the import of this fact in these proceedings. It asked the City:

> So[,] when the City receives notice from the United States Postal Service that its correspondence to an owner or interested party has been returned, what next steps does the City take to ensure that the property owner or anyone who is interested in the property actually received notice? . . . That's the point of the exercise.

---

[7] OCGA § 48-4-79 (a) (2).

Thus, despite not being the owner at the time, Alaimo at least presented a justiciable issue as to the validity of that notice.[8] Alaimo was not obstinate in his legal position — he stipulated to the authenticity of certain documents as well as his status as a non-owner at the time of the demolition proceeding. He merely advanced his legal argument as the current owner of the property challenging the City's compliance with the notice requirements under the City's ordinances and controlling statutes. Although the trial court ultimately did not agree with his position on the ground of standing, there was documentation in the record supporting Alaimo's argument; therefore, it was not entirely devoid of any justiciable issue that could reasonably be argued.[9] Accordingly, the trial court erred by awarding fees on this ground.

2. *OCGA § 9-15-14 (b).* This Code section authorizes an attorney fee award if a trial court finds that a "party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed

---

[8] We do not opine on that issue or the merits of any underlying decision by the trial court.

[9] See *Brewer*, 296 Ga. App. at 31 (1) (b) ("[B]ecause the [party] advanced justiciable issues of law as to those claims and produced evidence to support their position, it was error for the superior court to award attorney fees under OCGA § 9-15-14 (a) with respect to [that party's] claim.").

for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct . . . ."[10] "To the extent the award was based on OCGA § 9-15-14 (b), it must be sustained unless the trial court abused its discretion."[11]

Here, the trial court found that Alaimo's defenses "were frivolous and lacked substantial justification." In this context, " '[l]acked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious."[12]

As noted above, Alaimo's defense was supported by some evidence (the returned notice of hearing sent to his predecessor in interest), and Alaimo challenged only the City's ability to establish the prima facie elements required by the foreclosure statute. Alaimo was an interested party with a statutory right to challenge the validity of the foreclosure proceeding, and his participation in no way expanded the proceeding. He did not file any counterclaims, he did not initiate motions practice or

---

[10] OCGA § 9-15-14 (b).

[11] (Punctuation omitted.) *Exec. Excellence, LLC v. Martin Bros. Investments, LLC*, 309 Ga. App. 279, 286 (2) (710 SE2d 169) (2011).

[12] (Punctuation omitted.) *Lee v. Park*, 341 Ga. App. 350, 353 (800 SE2d 29) (2017).

drag out discovery, and he did not argue anything beyond the confines of the prima facie case asserted in the City's petition. Indeed, the City invited Alaimo's procedural argument by resting on its pleading and supporting documentation without presenting any witnesses or authentication beyond the documents themselves. Based on this record, Alaimo's defense had some basis in the evidence, his argument was narrowly tailored, and he conceded points that were incontrovertible. Accordingly, it was an abuse of the trial court's discretion to hold that Alaimo's defense was substantially frivolous, groundless, or vexatious such that it lacked substantial justification for purposes of OCGA § 9-15-14 (b).[13]

*Judgment reversed. Markle and Padgett, JJ., concur.*

---

[13]See *Lee*, 341 Ga. App. at 353-355 (1). See also *Kitchens v. Ezell*, 315 Ga. App. 444, 452 (2) (726 SE2d 461) (2012) (physical precedent only).